IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY CRAWFORD,

    Movant,

  v.

UNITED STATES OF AMERICA,

    Respondent.

                             /

No. CR 07-00617 CW
    C  10-01240 CW

ORDER DENYING MOTION TO VACATE COURT ORDER UNDER RULE 60(b) AND MOTION FOR CERTIFICATE OF APPEALABILITY

    Movant Anthony Crawford moves, under Rule 60(b) of the Federal Rules of Civil Procedure, to vacate the Court's July 27, 2010 Order denying his motion to vacate, set aside or correct sentence.  He has filed a notice of appeal, and he moves for a certificate of appealability.  Respondent has not filed an opposition.  The motions were taken under submission on the papers.  Having read all the papers filed by Movant, the Court denies the motion to vacate the July 27, 2010 Order and denies the motion for a certificate of appealability.

I. Rule 60(b) Motion

    Rule 60(b) of the Federal Rules of Civil Procedure enumerates the following six grounds upon which a motion for relief from an order or judgment may be made: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void;

(5) the judgment has been satisfied; or (6) any other reason justifying relief.

Movant argues that Rule 60(b)(4) applies because the judgment entered by the Court is void. However, Movant makes no intelligible argument to support this claim. To the extent that Movant repeats the arguments in his § 2255 motion, the Court will not revisit them here.

Therefore, the Rule 60(b) motion is denied.

## II. Motion for Certificate of Appealability

Movant's right to appeal the Court's denial of his § 2255 motion is governed by 28 U.S.C. § 2253(c), which states,

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c)(1)-(3). A certificate of appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Court finds, in accordance with 28 U.S.C. § 2253, that, for the reasons set forth in the July 27, 2010 Order Denying Motion to Vacate, none of the issues raised in the motion involves a

substantial showing of the denial of a constitutional right.  The certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, Movant's motions to vacate the July 27, 2010 Order pursuant to Rule 60 and for a certificate of appealability are denied.

IT IS SO ORDERED.

Dated: 2/14/2011

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA et al,

        Plaintiff,

v.

ANTHONY CRAWFORD et al,

        Defendant.

Case Number: CR07-00617 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 14, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Crawford
90412-111
Federal Correctional Institution
3600 Guard Road
Lompoc, CA 93436

Dated: February 14, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk

4